IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50581
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SANTOS MORENO-SALAZAR; MARIA LEGORRETA-DE MORENO,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-00-CR-52-1-FV
--------------------
December 7, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Santos Moreno-Salazar and his wife, Maria Legorreta-De Moreno, appeal their convictions for harboring illegal aliens. They argue that the district court's jury instruction on what conduct constitutes harboring an alien was incorrect and prejudicial because the instruction did not require that their acts rise to the level of substantial facilitation. They admit that they did not object to the court's instruction and that this issue must be reviewed for plain error. See Johnson v. United States, 520 U.S. 461, 465-466 (1997).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The concept of "substantial facilitation" is implicit in the definitions of "harbor" and "conceal" which the district court provided to the jury. The conduct so defined by the court is conduct which by its nature tends to substantially facilitate an alien's remaining in the United States illegally. The "substantial facilitation" language was not intended as a limitation on the terms "harbor" and "conceal," but was intended to encompass conduct beyond that connected with smuggling-related activity. United States v. Cantu, 557 F.2d 1173, 1180 (5th Cir. 1977); United States v. Rubio-Gonzalez, 674 F.2d 1067, 1073 (5th Cir. 1982). The jury charge in this case did not allow the jury to find appellants guilty of conduct which provided only "minimal assistance" or conduct which was insufficient to substantially facilitate the aliens' remaining in the United States. In the context of the entire trial, the district court's instructions on the elements and definitions of harboring and concealing an alien were proper. It was for the jury to determine from the evidence whether or not the appellants acted knowingly and with the intent to harbor and conceal the aliens. The jury instruction did not allow the jury to convict based on the mere presence of the aliens on the appellants' property.

Appellants contend that the prosecutor improperly bolstered the credibility of Agent Pena and made misstatements of the law, depriving them of a fair trial. They argue that it was improper for the prosecutor to point to Agent Pena's status as a Government employee in order to bolster his credibility. They contend that the prosecutor also misstated the law by suggesting

to the jury that they could convict solely on a finding that appellants knew the aliens were on their property. Appellants acknowledge that they did not object at trial to the comments of the prosecutor which they now challenge on appeal and that the plain error standard of review applies. See United States v. Munoz, 150 F.3d 401, 415 (5th Cir. 1998).

Allegedly improper argument must be reviewed "in light of the argument to which it responded." United States v. Thomas, 12 F.3d 1350, 1367 (5th Cir. 1994). The government "may even present what amounts to be a bolstering argument if it is specifically done in rebuttal to assertions made by defense counsel in order to remove any stigma cast upon [the prosecutor] or his witnesses." Id.; Munoz, 150 F.3d at 415.

A review of the record shows that the challenged comments, in the context of the entire trial, were not improper. The prosecutor's comment about Pena being "the reason this case is here" was made in the context of his argument that appellants had tried to insulate themselves from the law by having no direct contact with the illegal aliens. This comment was based on the evidence which established that Agent Pena had originated the investigation after tracking the aliens to their ranch and was not improper. In response to defense counsel's suggestion that Agent Pena was "over zealous" and "over anxious" in his attempts to convict the landowners, the prosecutor's comments about Agent Pena working hard and taking pride in his work were made to remove any stigma cast upon Pena by defense counsel. Taken in

context, the prosecutor's comments were not improper and did not constitute plain error.

Appellants argue that the prosecutor misstated the law by improperly arguing to the jury that their mere knowledge of aliens on their property was sufficient to convict them. The prosecutor did not tell the jury that the law permitted the jury to find the appellants guilty by the mere fact that they knew of the presence of the aliens on their property. To the contrary, the prosecutor repeated the district court's instruction on harboring an alien, requiring that they shelter, succor, help, or give aid. The prosecutor argued that the evidence showed that appellants had harbored aliens in that they "provided" the location to the aliens, that they had "anticipated" their arrival, and that it had been "prearranged" long ago. The prosecutor's statements did not constitute plain error.

AFFIRMED.